UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANUEL ESPINOSA, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | CASE NO. CV 09-B-0692-S |
| } | |
| AUM ENTERPRISES, INC.; } | |
| RAKESH PATEL, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on defendants' Motion to Dismiss. (Doc. 4.)[1] Upon consideration of the submissions of the parties and the arguments of counsel, and for the reasons stated below, the court finds that the Motion is due to be denied.

**I.     Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation & alteration omitted). When considering a defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

accept the factual allegations presented in the complaint as true and construe them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Twombly*, 550 U.S. at 555 (internal citations, quotations and alteration omitted).  The factual allegations of a complaint must be sufficient "to raise the right to relief above the speculative level . . . ."  *Id*.  In essence, then, the Supreme Court has held that a motion to dismiss must be denied when a plaintiff's claims "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id*. at 563.

**II.     Summary of Facts**

Plaintiff initiated this action under the Fair Labor and Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*., ("FLSA") seeking payment for overtime and liquidated damages.[2]  (Doc. 1.)  Defendant AUM Enterprises, Inc. ("AUM") employed plaintiff as a maintenance worker.  (Doc. 1, p. 2.)  Rakesh Patel ("Patel"), the second named defendant in this action, is the president of AUM, which manages three separate motels in the Birmingham area.  (Doc. 4, p. 2.)  Plaintiff claims that he was regularly required to work more than forty hours per week without being compensated for overtime in violation of

---

[2] Plaintiff has conceded to dismissal of Count III of the Complaint which alleges breach of contract under Alabama law.  (Doc. 7, p. 2.)  Accordingly, defendants' Motion to Dismiss is due to be granted with respect to Count III.

the FLSA.  (Doc. 1, pp. 3-5.)

### III.  Discussion

Defendants argue that plaintiff's claims against Patel should be dismissed because he is not an employer within the meaning of the FLSA.  (Doc. 4, p. 2.)  Plaintiff responds that determining whether Patel is an "employer" would be premature at this stage because discovery has not yet been conducted as to Patel's specific duties.  (Doc. 7, p. 2.)

Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C. § 203(d).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)) (alteration omitted).  In order for an officer to qualify as an employer under the FLSA, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (2008).  Plaintiff's Complaint contains allegations, which taken as true, are sufficient to assign individual liability to Patel: "The defendants controlled the plaintiff's work schedule, apportioned work to the plaintiff, supervised and directed the plaintiff, and in all other significant and meaningful ways managed the plaintiff."  (Doc. 4, p. 3, ¶ 19.)

Accordingly, defendants' Motion, with respect to defendant Patel, is due to be

denied.  An Order conforming with this Memorandum Opinion will be entered contemporaneously herewith.

    **DONE** this the 9th day of July, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE